

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 17, 1939

Honorable R. H. Thornton, Jr.
Chairman, Appropriations Committee
State of Texas
House of Representatives
Austin, Texas

Dear Sir:

> Opinion No. 0-552
> Re: Could biennial appropriation
> for Public Safety Department be made
> out of the State Highway Fund by
> proper rider to the general appropria-
> tion bill.

We have your letter of March 24, 1939, asking the following question:

> "Would the Legislature have the authority, by proper
> rider, to provide for the payment of the biennial
> appropriation for the Public Safety Department
> (exclusive of the appropriation for the Narcotic
> Bureau) out of the State Highway fund, or would a
> special statute to this effect have to be passed?"

After careful study of the question presented it is our opinion that the payment of the biennial appropriation for the Public Safety Department out of the State Highway fund could not be made by a rider to the general appropriation bill.

Article 6673, Revised Civil Statutes, reads as follows:

> "The Commission is authorized to take over and maintain
> the various State Highways in Texas, and the counties
> through which said highways pass shall be free from any
> cost, expense or supervision of such highways. The
> Commission shall use the automobile registration fees
> in the State Highway Fund for the maintenance of such
> highways, and shall divert the same to no other use
> unless the Commission shall be without sufficient funds
> from other sources to meet Federal aid to roads in Texas,
> and in such case the Commission is authorized by resolu-
> tion to transfer a sufficient amount from such fund to
> match said Federal aid."

Also that portion of Article 6674q-6 of the Revised Civil Statutes pertaining to the use of the gasoline tax allocated to the State Highway fund provides that it shall be used "for the construction and maintenance of the public roads of the State, constituting and comprising the system of State highways of Texas, as designated by the State Highway Commission of Texas."

The language of this act is clear and unambiguous and specifically sets forth the purposes for which the State Highway fund shall be used.

Though Article 5, Section 55 of the Constitution of the State of Texas excepts general appropriation bills from the general rule forbidding the embodying of more than one subject in a bill, the Courts have held that no authority was given by that section to repeal old laws through the medium of a general appropriation bill. Further the Courts have never favored repeal by implication but have always frowned on same.

In Conley v. Daughters of the Republic of Texas, 151 S. W. 877, the San Antonio Court of Civil Appeals in an opinion by Mr. Chief Justice Fly refers to Article 3, Section 35:

> "That section does not give any authority to pass new laws or repeal old ones through the medium of a general appropriation bill, and even if the Legislature had intended to repeal the act of 1905, by an item in the appropriation bill, it would be invalid and unconstitutional, for such bills are excepted from the general rule only for the reason that they might appropriate money for the various purposes of government, without naming each item in the title, which would render them cumbersome and very onerous. It was never contemplated that a valid existing law should be repealed by an appropriation of money, even though, as is not the case in this instance, it be totally inconsistent with the terms of the existing law. No case has been cited, or has come to our notice, where an existing law has been repealed by the appropriation of money in connection with the subject-matter of the existing law."

This case was reversed by the Supreme Court of Texas in 156 S. W. 197 for the reason that in the case in question there was no conflict between the appropriation made and in the prior law it was alleged to have affected. The Supreme Court held in said case as follows:

"There is no express repeal of the former law; hence, if repealed, it must be by implication, which is not favored."

The language of the Supreme Court and the San Antonio Court of Civil Appeals referred to above clearly indicates that the repeal of an existing law by a rider to an appropriation bill is condemned by the Courts.

In this instance there could be no possibility of giving effect to the entire provisions of Article 6675, Revised Civil Statutes, and the proposed rider as their terms are repugnant to each other and clearly conflict.

For the foregoing reasons we believe that the proposed appropriation for the Public Safety Department out of the State Highway fund could not be made by a rider to the general appropriation bill.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY: E. R. Simmons
Assistant

ERS:AMM

APPROVED:

ATTORNEY GENERAL OF TEXAS